OPINION
{¶ 1} Appellant, the State of Ohio ("appellant"), filed this appeal seeking reversal of a judgment by the Franklin County Court of Common Pleas granting the motion of appellee, Guy L. Mettle ("appellee"), to seal the record of his criminal conviction. For the reasons that follow, we reverse the trial court's judgment.
 {¶ 2} In case No. 96CR-05-2848, appellee was charged with three counts of failure to provide support for dependents in violation of R.C.2919.21. Each of the counts *Page 2 
alleged that the dependent was under the age of 18 years. On January 4, 2001, appellee pled guilty to count three of the indictment, a fourth-degree felony, with the other two counts being dismissed. On February 14, 2001, the court sentenced appellee to a period of incarceration of 18 months, with the entire sentence stayed on the condition that appellee complete five years of probation.
 {¶ 3} On May 7, 2007, appellee filed an application seeking to seal the record of his conviction pursuant to R.C. 2953.32. Appellant objected, arguing that appellee was not eligible to have the record of his conviction sealed under the then-existing version of R.C.2953.36(D), which provided that the sections governing the sealing of a record of conviction do not apply to "[c]onvictions of an offense in circumstances in which the victim of the offense was under eighteen years of age when the offense is a misdemeanor of the first degree or a felony."[1] The trial court held a hearing, and concluded that the General Assembly did not intend the exclusion for offenses where the victim was under 18 years old to apply to convictions for failing to provide support to dependents. The trial court therefore granted appellee's application to seal the record of his conviction.
 {¶ 4} Appellant filed this appeal, alleging as the sole assignment of error:
 THE TRIAL COURT ERRED BY GRANTING APPELLEE'S APPLICATION TO SEAL THE RECORD OF HIS CONVICTION AS APPELLEE WAS INELIGIBLE UNDER R.C. 2953.36(D).
 {¶ 5} In a recent decision, we held that a conviction for failing to provide support to dependents under R.C. 2919.21 is covered by the exclusion in R.C. 2953.36 of *Page 3 
convictions where the victim of the offense was under the age of 18 years. In re Schiavo, Franklin App. No. 07AP-699, 2008-Ohio-298, citingState v. Westendorf, Hamilton App. No. C-020114, 2003-Ohio-1019. Consequently, the trial court erred when it granted appellee's application to seal the record of his conviction.
 {¶ 6} Accordingly, appellant's assignment of error is sustained, we hereby reverse the trial court's judgment, and remand this matter to the trial court for further proceedings consistent with this opinion.
Judgment reversed; cause remanded.
KLATT and FRENCH, JJ., concur.
[1] Effective October 10, 2007, R.C. 2953.36 was amended. Under the amendment, paragraph (D) is now paragraph (F), but the amendment did not otherwise alter the wording of the exclusion for offenses where the victim was less than 18 years old. *Page 1